RECEIVED
IN LAKE CHARLES, LA.

JAN 20 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * | CIVIL ACTION NO. 2:14-cv-2332 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| DOKSUN O'CONNOR, ET AL. | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

Before the court is the United States' Motion to Dismiss [Doc. 12], to which no Opposition has been filed. For the following reasons, the Motion [Doc. 12] is hereby **GRANTED.**

## FACTS & PROCEDURAL HISTORY

In its complaint, State Farm Mutual Automobile Insurance Company ("State Farm") alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and Rule 22 of the Federal Rules of Civil Procedure because there is a dispute of ownership of certain insurance proceeds issued by State Farm to Michael Andrew O'Connor.[1] Doksun O'Connor was injured in an automobile accident on or about May 22, 2013, and State Farm provided coverage to Brian Martin for damages sustained by Doksun O'Connor in the accident.[2] State Farm alleges that both Medicare and Tricare have a potential interest in the proceeds because both have either paid or reimbursed others for medical treatment.[3]

---
[1] Compl. [Doc. 1] ¶ 2.
[2] *Id.* ¶¶ 2-3.
[3] *Id.* ¶ 2.

1

State Farm asserts that an attempt was made to deliver the policy limits to Doksun O'Connor, but no agreement could be reached as to how to satisfy the various healthcare providers or payors who had asserted liens.[4] A lawsuit has been filed against State Farm in the 36th District Court for the State of Louisiana.[5] The purpose of the instant suit is for the defendants cited herein to appeal and assert their claims against the funds deposited in the registry of the court and for the court to decide the ultimate amount to be awarded each claimant.[6]

On October 20, 2014, the United States filed the instant Motion to Dismiss [Doc. 12], asserting that this court does not have subject matter jurisdiction.[7]

## LAW & ANALYSIS

Federal courts are courts of limited jurisdiction, and the burden on showing that jurisdiction exists is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This jurisdictional requirement is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

42 U.S.C. § 405(g) provides that "[a]ny individual, after a final decision of the [Secretary] made after a hearing to which he is a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing . . . of notice of such decision." This procedure "is the sole avenue for judicial review for all claims arising under the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984).

Therefore, before proceeding in this court, a petitioner must first satisfy the non-waivable and non-excusable requirement of presenting its claims to the Secretary and exhaust its

---

[4] Compl. [Doc. 1] ¶ 5. Scott Iles, Doksun O'Connor's attorney, also has a statutory lien against the policy proceeds. *Id.* ¶ 7.
[5] *Id.* ¶ 6.
[6] *Id.* ¶ 10.
[77] *See* Mot. to Dismiss [Doc. 12].

2

administrative remedies in order to obtain a final decision from the Secretary. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 285 (5th Cir. 1999). Specifically, "No action against the United States . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

Additionally, the Medical Care Recovery Act expressly provides that only the United States has standing with respect to any claims for payments made by Tricare. 42 U.S.C. §§ 2651-53. Finally, Federal Rule of Civil Procedure 22, which provides the grounds for interpleader, is a procedural device and does not confer jurisdiction on a federal district court. *See* FED. R. CIV. P. 82.

In its complaint, State Farm asserts that that this court has jurisdiction because "both the Medicare and Tricare are programs of the United States of America which would have an interest in the proceeds, and because both have been paid or reimbursed others for medical treatment . . . ."[8] However, the United States argues that State Farm's claim fails to represent that it has satisfied the presentment or exhaustion prongs of section 405(g); neither section 1331, nor Rule 22 confers jurisdiction with respect to any claims for payments made by Medicare and Tricare; and the United States has not otherwise waived its sovereign immunity. Therefore, subject matter jurisdiction has not been conferred on this court.

In reviewing the complaint, the court finds that the United States is correct. There is no legitimate basis for exercising jurisdiction in this matter. Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss [Doc. 12] be and hereby is **GRANTED.**

---

[8] Compl. [Doc. 1] ¶ 2..

3

**IT IS FURTHER ORDERED** that the above-captioned matter be and hereby is **DISMISSED, WITHOUT PREJUDICE,** each party to bear its own costs.

Lake Charles, Louisiana, this 11 day of December, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE